John Diller *against* Matthias Young executor of Michael Diffedorffer.

*Where lands have been directed to be sold by the Orphan's Court for payment of debts of an intestate, &c., the surplus shall be distributable as real estate.*

This was a case stated, for the opinion of the justices who sat at Nisi Prius, at Lancaster, in the month of April last.

The testator intermarried with Christiana Diller, (the mother of the plaintiff,) who was the widow and administratrix of Martin Diller. The Orphan's Court of Lancaster county in June 1762, decreed to the said Christiana, the sum of 170*l*. 2*s*. 1*d*. as her share of moneys arising from the sale of the real estate of the said Martin, under a former order of the said court, for the payment of the debts and maintaining and educating his minor children.   The said Christiana and her second husband being since dead, the children and representatives of Diffedorffer, claimed the money as personal property, vested in him on his intermarriage absolutely.   And the children and representatives of Diller insisted, that they alone were entitled thereto, as it proceeded from the sale of lands decreed for special purposes, and that the surplus should return to the heirs of the said Diller.

The only question was, whether this sum, which was in the hands of the executor, was distributable as the real or personal property of the intestate?

The court without argument declared their unanimous opinion this term, that this money must be taken as real property, and subject to distribution as such.   The act 1705, " for the better settling of intestate's estates."   (1 Dall. St. Laws Append. 45, § 7,) empowered the Orphan's Court to direct a sale of lands for special purposes, but could never have intended to change the right of succession to the surplus, after accomplishing the object in view.   Though it directs that the administrator shall be accountable for the surplus, as is required for intestates' personal estates, it does not specify, that it shall be subject to the same species of distribution.   The

widow of the intestate becomes entitled to no more than the interest arising on one third of the residue during her life, in the same manner as she would have had dower allotted to her therein in case the court's computation had been exact and perfect. Croston's case before the revolution, has settled this point fully, after considerable argument.

Judgment for the plaintiff.